**Edward G. ROBINSON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 17455.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 19, 1963.

Decided April 4, 1963.

See also 106 U.S.App.D.C. 325, 272
F.2d 554.

Mrs. Kitty Blair Frank, Washington,
D. C. (appointed by this court), for appellant.

Mr. William C. Pryor, Asst. U. S.
Atty., with whom Messrs. David C. Ache-
son, U. S. Atty., Frank Q. Nebeker, Asst.
U. S. Atty., and Arthur J. McLaughlin,
Asst. U. S. Atty., at the time the brief
was filed, were on the brief, for appellee.

Before PRETTYMAN, Senior Circuit
Judge, and FAHY and BASTIAN, Circuit
Judges.

PER CURIAM.

Appellant was convicted of having
committed robbery in violation of 22 D.C.
Code § 2901. Before trial he was committed to St. Elizabeth's Hospital for
mental examination. After 87 days of
observation and examination there the
Superintendent advised the Clerk of the
District Court that no mental disease or
defect was found during the period of
examination or on or about the time of
the offense. He also advised that appellant was mentally competent to understand the nature of the proceedings
against him and to consult properly with
counsel in his defense.

It is now suggested that there was
error in the conclusional character of the
report of the Superintendent; but the report in no way affected the fairness of
the trial, for no question was raised at
the trial as to the defendant's mental
condition.

Another contention on the appeal is
that there was indication, supported by
affidavits, that one of the witnesses who
identified the defendant as the robber
had defective eyesight, and the court
should have granted counsel's motion
under Fed.R.Crim.P. 28 that the court
obtain the assistance of an expert to
examine the witness and possibly to testify. Such a request was made on the
day of trial, first at the time the case
came on for assignment in the District
Court, when it was denied by the judge
making the assignments without prejudice to the matter being called to the attention of the trial judge. Later the
same morning the matter was called to
the attention of the trial judge, when
the case was otherwise ready for actual
trial. While oral argument was not allowed, the request was made clear to
the trial judge. Since it appears the

matter of the witness' vision was adequately explored on cross-examination and there was other strong identifying testimony, the discretion exercised by the trial judge in denying the motion does not constitute prejudicial error.

None of the contentions ably advanced by counsel appointed by this court warrants disturbance of the verdict of the jury and the judgment entered thereupon.

Affirmed.